## Eliphalet Fisher *vs.* John Smith.

A conveyance of land " bounded on " a private way leading to the grantor's dwelling-house carries the fee to the centre of the way.

Evidence that a grantor, about the time of executing a deed of land bounded on a way, built a wall and established bounds at the edge of the way, is inadmissible to prove that the way did not pass by the deed.

Action of tort for breaking and entering the plaintiff's close in Dedham, and cutting down trees and digging up and carrying away the soil.

At the trial in the court of common pleas at December term 1855, before *Byington,* J., it appeared that the *locus in quo* was a strip, two or three rods wide, of land conveyed to the plaintiff on the 16th of July 1844, and had been used time out of mind as part of a road or passage way leading from the old Providence road, now called Walpole Street, northwesterly to the plaintiff's dwelling-house, and to wood lots and pasture of other persons using the way.

The defendant justified the acts complained of under a claim of ownership in the fee of the way, westerly of the centre

thereof, under a deed from the plaintiff to him dated July 16tn 1844, of " a certain tract of land situated in the South Parish of said Dedham, containing five acres, more or less, bounded easterly on the road or leading way from my dwelling-house to the old post road, so called ; southerly, on said old post road," &c. The court ruled that this deed conveyed to the defendant the fee in the land to the centre of said road or leading way, subject to the right of way of the plaintiff and others, as aforesaid ; and ordered a verdict to be rendered for the defendant.

The plaintiff offered to prove " that, about the time said deed was given by him to the defendant, the defendant caused a wall to be built from Walpole Street, northwesterly, along and upon the westerly line of said road or passage way, several feet from the travelled path, and extending the greater part of the distance ; that the defendant's land was bounded on said road or passage way, leaving a road or passage way fenced on both sides, some two rods in width ; that at the northeasterly corner of the premises described in said deed, there was, at the time it was given, a stake and stones several feet westerly of the travelled path of said road or passage way, and in a line with said wall built by the defendant ; that soon after said deed was given, the defendant tipped up a row of stones most of the way between the end of said wall and said stake and stones, and in a line therewith, designing them as the foundation of a wall ; that said wall and row of stones and stake and stones now remain, and have been repeatedly recognized by the defendant, by his acts and declarations, as the line of his land next to said leading way ; that said road or leading way is and always has been chiefly used by the plaintiff as a passage way to his house and farm, though several other persons have a right of way over it to their wood and pasture lands, lying back from said Walpole Street." The court ruled that this evidence was not admissible for the purpose of controlling or varying the construction of the deed.

It was admitted that the acts of trespass complained of were done westerly of the centre of said way, between the travelled part of said way and said wall, row of stones, and stake and stones.

Fisher *v.* Smith.

A verdict was returned for the defendant, and the plaintiff alleged exceptions.

*W. Colburn,* for the plaintiff. 1. The " road or leading way " described was a private way, and the plaintiff's deed only conveyed to the defendant the fee in the land to the westerly margin of the way. *Webber* v. *Eastern Railroad,* 2 Met. 150. *Allen* v. *Murdock,* 13 Mass. 256. *Sibley* v. *Holden,* 10 Pick. 249 *Parker* v. *Framingham,* 8 Met. 261. *Tyler* v. *Hammond,* 11 Pick. 193. *O'Linda* v. *Lothrop,* 21 Pick. 292. *Clap* v. *M'Neil,* 4 Mass. 589. *Morgan* v. *Moore,* 3 Gray, 320. *Storer* v. *Freeman,* 6 Mass. 436. *Jones* v. *Cowman,* 2 Sandf. 234. The rules applicable to rivers and public highways do not extend to private ways. This deed is to be construed as if it had described the land conveyed as bounding on the grantor's land, used as a road or leading way from his dwelling-house. The plaintiff cannot be presumed to have intended to convey the fee in any part of land so important to him as the leading way to his own dwelling-house. In the case of a public highway, to retain the fee of the land would be of no benefit to him.

2. The evidence offered should have been admitted, as show ing the intention of the parties, and having an important bearing on the construction of the deed. *Webber* v. *Eastern Railroad,* 2 Met. 150. *Parker* v. *Framingham,* 8 Met. 261. *Stone* v. *Clark,* 1 Met. 378.

*E. Wilkinson,* for the defendant. 1. It is now well settled that a deed bounding the grantee on a highway carries his line to the centre of the highway. *Newhall* v. *Ireson,* 8 Cush. 595. The boundary " on the road or leading way," is not merely descriptive, but is an implied covenant that there is such a road or leading way for the benefit of the estate granted. *Parker* v. *Smith,* 17 Mass. 413. The road or leading way had been in existence and use time out of mind. It was in use at the time of the conveyance, and as such recognized by the parties, and referred to as a monument. It is therefore immaterial whether it had ever been laid out and established by the public authorities. It falls under the rule applicable to such monuments as stone walls, ditches, rivers and highways, the centre of which is

held to be the intended line, unless the deed contain some controlling clause to the contrary. *Hammond* v. *McLachlan*, 1 Sandf. 323. *Warner* v. *Southworth*, 6 Conn. 471. *Claremont* v. *Carlton*, 2 N. H. 369. *Enfield* v. *Day*, 11 N. H. 520. *Cold Spring Iron Works* v. *Tolland*, 9 Cush. 492.

2. The evidence offered by the plaintiff was incompetent to establish by parol a claim to a strip of land between the defendant's and this road or leading way, against the express terms of his deed. *Enfield* v. *Day*, 11 N. H. 520. *Pride* v. *Lunt*, 19 Maine, 115. *Lowell* v. *Robinson*, 16 Maine, 357.

The defendant retains the fee of the land thrown by himself into the road or leading way adjacent to his estate for purposes of improvement. But it would make no difference, if the defendant had built his fence under a misapprehension as to the true line of the road or leading way. *Green* v. *Chelsea*, 24 Pick. 71. *Cleaveland* v. *Flagg*, 4 Cush. 76.

By THE COURT. 1. The rule is well settled in this commonwealth, that a deed of land bounded on a highway laid out over land of the grantor passes the fee to the centre of the way, where there is nothing in the deed to require the opposite construction. A majority of the court are of opinion that the same rule extends to private ways.

2. Such being the necessary legal construction of the deed, no parol evidence is admissible to control it. In the cases cited by the counsel for the plaintiff in favor of its admission, either the language of the deed was ambiguous, or the evidence was admitted simply to explain the instrument by applying it to the location and subject matter. *Exceptions overruled.*